IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. *12-CV-00108-RPM-BNB*

TENDEKA B.V. and
FLOTECH HOLDINGS LIMITED,

      Petitioners,

v.

DREW HEMBLING.

      Respondent.

## AGREED ORDER COMPELLING DEPOSITION TESTIMONY AND PRODUCTION OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING

Before the Court is the Application of Tendeka B.V. ("Tendeka") and Flotech Holdings Limited ("Flotech") for the Taking of Drew Hembling's ("Mr. Hembling") Deposition and for the Production of Documents for Use in a Foreign Proceeding Under 28 U.S.C. § 1782(a) [filed *Jan. 17*, 2012; docket # *1* ]. For the reasons stated below, the Court **GRANTS** the application.

### Discussion

The objective of 28 U.S.C. § 1782 is "to assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262 (2004). Section 1782 prescribes as follows:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or

HOUDMS/306149.6

> the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782.

These statutory requirements are met when "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *In re Perez Pallares*, No. 10-cv-02528-PAB, 2010 U.S. Dist. LEXIS 115240, at *1 (D. Colo. Oct. 20, 2010) (citing *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 83 (2d Cir. 2004)).

The parties agree that 28 U.S.C. § 1782(a)'s statutory requirements are met, and the Court also finds these statutory requirements to be satisfied. Accordingly, the Court exercises its discretion to grant the application.

Based on the foregoing, the Court **GRANTS** the application. As agreed to by the parties, documents shall be produced by or before 4:00 p.m. on January 17, 2012, unless Mr. Hembling's return to Boulder, Colorado is delayed, in which case the documents will be produced at soon as possible after this return, and the deposition shall occur on January 20, 2012 in Boulder, Colorado.

2

It is therefore **ORDERED, ADJUDGED AND DECREED** that Mr. Drew Hembling shall appear on January 20, 2012 at 9:30 a.m. at the offices of Keith A. Shandalow, located at 1221 Pearl Street, Boulder, Colorado 80302, and give testimony on the following areas of inquiry ("Areas of Inquiry"):

1. Mr. Hembling's career/employment with Saudi Aramco;

2. Mr. Hembling's relationship with Neale Carter;

3. The development of Flotech technology in or around 2006;

4. The incorporation of Flotech Holdings Limited in 2007;

5. Mr. Hembling's day-to-day involvement, if any, in the management and operation of Flotech;

6. Mr. Hembling's interest, financial or otherwise, in Flotech and/or Tendeka from 2007 to the present;

7. The purchase of Flotech by Tendeka; and

8. Mr. Hembling's departure from Saudi Aramco, including any attendant internal investigations.

9. The proceeds, if any, from the Flotech sale.[1]

It is further **ORDERED, ADJUDGED AND DECREED** that Mr. Drew Hembling shall produce to counsel for Petitioners on or before 4:00 p.m. MST, on January 17, 2012, all documents relating in any way to any of the following Areas of Inquiry:

1. Mr. Hembling's employment agreement, if any, with Saudi Aramco;

2. Mr. Hembling's relationship with Neale Carter;

3. The development of Flotech technology in or around 2006;

4. The incorporation of Flotech Holdings Limited in 2007;

5. Mr. Hembling's day-to-day involvement, if any, in the management and operation of Flotech;

6. Mr. Hembling's interest, financial or otherwise, in Flotech and/or Tendeka from 2007 to the present, including, to the extent it exists, the "side letter" through which Neale Carter held assets for Mr. Hembling's benefit;

7. The purchase of Flotech by Tendeka;

8. Mr. Hembling's departure from Saudi Aramco, including any attendant internal investigations;and,.

9. The proceeds, if any, from the Flotech sale.[2]

Inquiry and document production shall not be had concerning Mr. Hembling's personal financial matters that are not relevant and not related to any of the Areas of Inquiry. Inquiry may also be limited by proper claims under the Federal Rules of Civil Procedure and Federal Rules of Evidence of attorney-client privilege, the joint defense privilege, the common interest privilege or invasion of Mr. Hembling's right to privacy, if applicable.

The deposition shall last a total of five (5) hours, not including breaks. However, Mr. Hembling and his counsel shall reasonably consent to extend that time in the event that, despite the good faith efforts of Tendeka's counsel, more time is required properly to examine Mr. Hembling concerning all of the Areas of Inquiry.

In the event that Mr. Hembling and his counsel believe in good faith that certain information and/or documents responsive to the above areas of inquiry should remain confidential pursuant to his existing confidentiality obligations owed to Saudi Aramco or a claim of attorney-client, work product, joint defense or joint interest privilege,[3] the parties should complete the remainder of the deposition and production for which a claim of confidentiality or privilege is not made. The parties should then attempt promptly in good faith to resolve any differences over the confidentiality obligation or the privileged nature of the information.[4] If they are unable to reach an agreement following those negotiations, then either party may

4

promptly seek the guidance of the Court in order for it to determine whether the confidentiality of the information and/or documents should be maintained, or whether the information should be the subject of testimony and/or the documents should be produced under the Federal Rules of Civil Procedure and such conditions as the Court may direct.[5]

**IT IS SO ORDERED.**

SIGNED this, the 25th day of January, 2012.

*Boyd N. Boland*
~~UNITED STATES DISTRICT JUDGE~~

**BOYD N. BOLAND**
**United States Magistrate Judge**

---

[1, 2, 3, 4, 5] Inquiry concerning the description and amount of proceeds received by Mr. Hembling, if any, may be made. However, Mr. Hembling may choose to withhold that information. In that event, the parties would proceed in accordance with the procedures described that may include seeking the guidance of the Court.

APPROVED AS TO FORM
AND SUBSTANCE:

**BAKER & MCKENZIE LLP**

By: _____
Graham Kevin Blair
Pennzoil Place, South Tower
711 Louisiana, Suite 3400
Houston, Texas 77002
Tel: (713) 427-5000
Fax: (713) 427-5099
graham.blair@bakermckenzie.com

ATTORNEY FOR TENDEKA B.V. AND
FLOTECH HOLDINGS LIMITED

APPROVED AS TO FORM
AND SUBSTANCE:

**LAW OFFICES OF KEITH A.
SHANDALOW, P.C.**

By: _____ *
Keith A. Shandalow
1221 Pearl Street
Boulder, Colorado 80302
Phone: 303.443.0168
Fax:  303.443.6635
keith@shandalow.com

ATTORNEY FOR RESPONDENT DREW
HEMBLING

*Signature by permission granted